# THE ABOUSHI LAW FIRM

1441 Broadway, 5th Floor, New York, NY 10018
235 Lakeview Avenue, Clifton, NJ 07011

Tel:  212.391.8500             Fax: 212.391.8508             www.Aboushi.com

September 29, 2025

Hon. Karen M. Williams, U.S.D.J.
United States District Court, District of New Jersey
M.H. Cohen U.S. Courthouse
4th & Cooper Street
Camden, NJ  08101

Via: ECF and First-Class Mail to the Court

Re:            Mosley v. City of Egg Harbor et al.,
                 22-cv-06489-KMW-EAP

Dear Judge Williams,

    I am co-counsel for the Plaintiff in this matter and write to object to the improper submission, characterizations and arguments made by the Defendants in their Reply filed today. It is stunning the improper lengths the Defendants will go through to unlawfully deny Plaintiff his day in Court. The Defendants for the first time argue in their Reply Brief that the Community Caretaking Doctrine applies to their actions of using excessive force upon Plaintiff in his own home as he experienced a medical emergency. Not only is this newfound argument a recognition that their initial arguments are unavailing and defeated by the Opposition, but it is wholly improper to raise for the first time in the Reply. Indeed, "the party seeking summary judgment always bears the **initial** **burden** of production." Forrestal Guarani S.A. v Daros Intl., Inc., CV 03-4821 (FSH), 2012 WL 13187472, at *5 (DNJ Apr. 2, 2012)(emphasis added). Defendants clearly did not meet this burden.

    What is more, arguments raised for the first time in Reply must be disregarded. Marcum v. Columbia Gas Transmission, LLC, 549 F. Supp. 3d 408, 420 n.4 (E.D. Pa. 2021)("Courts need not address arguments raised for the first time in a reply brief."); Rinaldi v United States, 904 F3d 257 (3d Cir 2018)( The courts of appeals will not consider arguments raised on appeal for the first time in a reply brief.) Lastly, the Community Caretaking Doctrine does not apply to this case. Ray v Twp. of Warren, 626 F3d 170, 177 (3d Cir 2010)("The community caretaking doctrine cannot be

used to justify warrantless searches of a home.")  This improper argument must be disregarded by the Court as a matter of law. What is more, it is patently unfair as the briefing has closed, the Defendants were already provided an opportunity to file successive Motions for Summary Judgment, and Plaintiff was not provided a meaningful opportunity to address this frivolous argument.

The improper Reply does nothing more that firmly establish that disputed issues of material fact pervade this matter and that the motion for Summary Judgment must be denied. Indeed, Defendants abandoned their original arguments, ignore the numerous disputed issues of material facts as well as Plaintiff's uncontested expert report, and concede that there are disputed interactions not captured on BWC.  The Defendants also concede that force was used, but claim that it was not excessive. Whether or not force was excessive is wholly improper within the context of a Motion for Summary Judgment, and only a jury can determine whether force was excessive. Dansby v Borough of Paulsboro, Civ No. 92-4558 (JEI), 1995 WL 352995, at *12 (DNJ June 7, 1995), affd, 79 F3d 1137 (3d Cir 1996). The thorough Opposition laid bare the numerous disputed issued of material fact, as well as the relevant case law, all of which required that the borderline frivolous motion for Summary Judgment be denied.

Plaintiff further requests that the Court strike the Reply or disregard it as required by law, or grant permission for Plaintiff to file a motion to strike the Reply. We thank the Court for its prompt attention to this matter.

Very truly yours,

Aymen A. Aboushi, Esq.